# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| VON CLARK DAVIS | : Case No. 21-3404 |
|     Petitioner-Appellant | : |
| v. | : District Court Case No. 2:16-cv-495 |
| WARDEN, Chillicothe Correctional Institution, | : |
|     Respondent-Appellee | : Death Penalty Case |

### Warden's Opposition
### To Davis's Doc. 7 Motion to Expand COA

All the claims on which Davis says a COA should be granted were individually and separately assessed and rejected by both the Magistrate Judge and the District Court. All the arguments Davis now raises were considered and rejected by both the Magistrate Judge and the District Court. Under these circumstances, Davis has not shown entitlement to an additional COA.

**Response to habeas claim 1 and habeas claim 2: Where habeas relief on the jury waiver claims was previously denied, relitigation of the same claims is not warranted.**

The last time Davis's habeas case was before this Court, relief was denied on **subclaim 1(A)** and **subclaim 1(B)**. See Doc. 51, R & R, Page ID 9654 – 9655 (subclaim 1(A)), Page ID 9655 – 9657 (subclaim 1(B)); Doc. 64, Opinion, Page ID 10031 – 10032. **Subclaim 2(A)** is substantially identical to **subclaim 1(B)** such that both claims suffer from the same deficiency. See Doc. 51, R & R, Page ID 9660 – 9661; Doc. 64, Opinion, Page ID 10036.

**Subclaim 1(C**) and **subclaim 2(B)** do not state claims under the federal constitution since the legal authority on which they are premised, *Hurst v. Florida*, 577 U.S. 92 (2016) does not apply to Davis's case that is deemed "final" and on collateral review, not direct appeal. See Doc. 51, R & R, Page ID 9650 – 9651 (subclaim 1(C)), Page ID 9660, (subclaim 2(B)); Doc. 64, Opinion, Page ID 10035 – 10036.

**Subclaim 1(D)** that alleged potential judicial bias due to a prior real estate foreclosure adjudication had already been denied at the district court level and was no better factually or legally than before. See

Doc. 51, R & R, Page ID 9657 – 9658; Doc. 64, Opinion, Page ID 10032 – 10033.

**Subclaim 1(E)** suffers from a flawed legal premise that the state court appellate standard of review in respect to the verdict of a three-judge panel was less favorable than that applicable to the verdict of a jury. Since the state court appellate standards of review were the same, **subclaim 1(E)** had no legal or factual merit as well as being procedurally defaulted.  See Doc. 51, R & R, Page ID  9658 – 9659; Doc 64, Opinion, Page ID 10033 – 10034.

Under these circumstances, a COA is not warranted in respect to habeas **claim 1** and habeas **claim 2**.

**Response to habeas claim 3: Since Davis's contention that good behavior evidence was ignored by trial defense counsel is not factually accurate, a COA is not warranted.**

Habeas **claim 3** that alleges trial counsel had a constitutional obligation to put on more "good behavior" evidence during mitigation fails on its facts.

Davis concedes that trial defense counsel were aware of the full scope of the good behavior evidence. This is significant, since there is no meaningful allegation of inadequate investigation. Rather, Davis's

3

contention was that trial counsel should have introduced testimony about each instance of prior good behavior. To the contrary, trial defense counsel have no obligation to present more of the same evidence that had already been presented. See Doc. 51, R & R, Page ID 9666, Page ID 9668 – 9669; Doc. 64, Opinion, Page ID 10041 – 10042.

The state courts credited Davis with an "exemplary prison record" that shows trial defense counsel adequately presented evidence of Davis's good behavior. See Doc. 51, R & R, Page ID 9668 – 9669.

Under these circumstances, a COA is not warranted as to **claim 3**.

**Response to habeas claim 7: Where Davis's trial counsel presented a plausible mitigation case with two expert witnesses, Davis failed to show either deficient performance or sufficient prejudice to warrant habeas relief.**

Where in his mitigation case Davis presented a prison industry expert, along with an expert psychologist, trial counsel were not professionally obligated to call the defense mitigation expert whose testimony would have been cumulative, and of dubious admissibility. See Doc. 51, R & R, Page ID 9673 – 9674; Doc. 64, Opinion, 10045 – 10049.

Under these circumstances, a COA is not warranted as to **claim 7**.

**Response to habeas claim 8: Where the facts show both Davis and his trial counsel knew about, and were afforded an opportunity on the record to assert a claim of judicial bias, but declined to seek recusal, the state courts were well within bounds to deny Davis's claim of ineffective assistance of counsel for not pursuing a judicial bias claim.**

Denial of a COA regarding the claim of judicial bias against Judge Pater is appropriate where that claim was never at any time presented to the state courts. Habeas **claim 8** is thus procedurally defaulted, without any developed "cause and prejudice" argument to excuse the default. See Doc. 51, R & R, Page ID 9674 – 9676; Doc. 64, Opinion, Page ID 10050 – 10051.

Denial of a COA regarding the claim of bias against Judge Nastoff is proper where the fully-disclosed prior prosecution of Davis's nephew by then-prosecutor Nastoff was expressly waived as grounds for recusal by Davis's state court counsel. Doc. 17, Answer to Petition, Page ID 9057, citing to Doc. 5-7, APPX, Mitigation Transcript, Page ID 8322.

Moreover, the state court evidence did not show evidence of either potential or actual bias, especially where Davis's recusal application as to Judge Nastoff was denied by the Ohio Supreme Court. In addition, the state courts properly barred relief under *res judicata*, in that the

grievance against Judge Nastoff could have been raised on direct appeal. Doc. 51, R & R, Page ID 9678; Doc. 64, Opinion, Page ID 10052.

Finally, while there is clearly established precedent as to "actual judicial bias," there is no body of federal constitutional law regarding "potential judicial bias." Doc. 51, R & R, Page ID 9677 – 9678; Doc. 64, Opinion, Page ID 10052 – 10053.

Where habeas **claim 8** fails for lack of evidence and for the lack of clearly established precedent regarding potential judicial bias, a COA is not warranted.

**Response to habeas claim 16: Where Davis had expressly admitted purposeful conduct in his plea of guilty to a prior murder, the state courts properly discounted Davis's contradictory contention that the prior murder was not purposeful.**

Since Davis admitted to purposeful conduct in his previous guilty plea to second-degree murder, trial counsel had no professional obligation to develop a defense based on an after-the-fact letter from Davis's friend that suggested Davis did not purposefully kill his first victim. Davis's admission to purposeful conduct in the previous guilty plea remained binding on him, such that the letter from Davis's friend lacked

significance to any viable defense strategy. Doc. 51, R & R, Page ID 9678 – 9679, Doc. 64, Opinion, Page ID 10066 – 10068.

Under these circumstances, a COA is not warranted as to **claim 16.**

## CONCLUSION

For the reasons expressed, this Court should deny Davis's Doc. 7 motion for an additional COA.

> Respectfully submitted,
> **DAVE YOST**
> **Ohio Attorney General**
> s/Stephen E. Maher
> Stephen E. Maher (0032279)
> Sr. Asst. Attorney General*
>  *Counsel of Record
> 30 E. Broad St. 23rd Floor
> Columbus, OH 43215
> 614-728-7055
> (cell) 740-412-0552
> Counsel for Respondent-Appellee

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was delivered to opposing counsel for by e-mail delivery through the ECF system, on this 7th day of October, 2021.

> s/Stephen E. Maher
> Stephen E. Maher (0032279)
> Sr. Asst. Attorney General