No. 21-3404

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |
|---|---|
| VON CLARK DAVIS, ) | |
| ) | **FILED** |
| Petitioner-Appellant, ) | Feb 14, 2022 |
| ) | DEBORAH S. HUNT, Clerk |
| v. ) | O R D E R |
| ) | |
| CHARLOTTE JENKINS, ) | |
| ) | |
| Respondent-Appellee. ) | |
| ) | |
| ) | |

Before: MOORE, COLE, and GIBBONS, Circuit Judges.

Von Clark Davis, an Ohio death-row inmate represented by counsel, appeals from a district court judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The district court granted a certificate of appealability ("COA") for several claims. Davis has filed a motion to expand the COA. Charlotte Jenkins, a warden for the State of Ohio proceeding through counsel, has filed a response in opposition, and Davis has filed a reply.

In January 1984, a grand jury indicted Davis for aggravated murder (accompanied by capital and firearm specifications) and possessing a firearm while under a disability. After Davis waived his right to a trial by jury, a three-judge panel convicted him of all counts and sentenced him to death. On direct appeal, Davis's convictions were affirmed, but his death sentence was vacated. *State v. Davis*, No. CA84-06-071, 1986 WL 5989 (Ohio Ct. App. May 27, 1986), *rev'd in part*, 528 N.E.2d 925 (Ohio 1988).

On remand, the same three-judge panel held a second sentencing hearing and again sentenced Davis to death, which was affirmed on appeal. *State v. Davis*, No. CA89-09-123, 1990 WL 165137 (Ohio Ct. App. Oct. 29, 1990), *aff'd*, 584 N.E.2d 1192 (Ohio 1992).

The trial court dismissed Davis's post-conviction petition after conducting a limited evidentiary hearing. The Ohio Court of Appeals affirmed. *State v. Davis*, No. CA95-07-124, 1996 WL 551432 (Ohio Ct. App. Sept. 30, 1996). The Ohio Supreme Court declined further review. *State v. Davis*, 674 N.E.2d 372 (Ohio 1997) (table). Davis's two motions to reopen his direct appeal were dismissed as untimely. *State v. Davis*, 714 N.E.2d 384 (Ohio 1999).

In April 1997, Davis filed his first habeas petition, and the district court denied relief. On appeal, we vacated the death sentence. *Davis v. Coyle*, 475 F.3d 761 (6th Cir. 2007).

On remand to state court, a different three-judge panel conducted a third sentencing hearing and sentenced Davis to death, which was affirmed on appeal. *State v. Davis*, No. CA2009-10-263, 2011 WL 646404 (Ohio Ct. App. Feb. 22, 2011), *aff'd*, 9 N.E.3d 1031 (Ohio 2014).

Davis unsuccessfully sought post-conviction relief. *State v. Davis*, No. CA2012-12-258, 2013 WL 4806935 (Ohio Ct. App. Sept. 9, 2013). The Ohio Supreme Court declined further review. *State v. Davis*, 36 N.E.3d 188 (Ohio 2015) (table).

In August 2016, Davis filed a second-in-time habeas petition raising twenty-six claims of constitutional error. The warden filed a return of writ. Davis filed a traverse. The magistrate judge issued a report recommending that the petition be dismissed. Davis filed objections to the report and recommendation. The warden filed a response in opposition, and Davis filed a reply. The district court dismissed the petition and certified several claims for appeal.

Davis now seeks to expand the COA to include six more claims. The warden has filed a response in opposition, and Davis has filed a reply.

"[A] COA may not issue unless 'the applicant has made a substantial showing of the denial of a constitutional right.'" *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting 28 U.S.C. § 2253(c)(2)). A substantial showing is made where the applicant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id*. at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support

of the claims. In fact, the statute forbids it." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When the district court has denied a claim on a procedural basis only, a COA should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In his first claim, Davis contends that he did not knowingly, intelligently, and voluntarily waive his right to a jury trial because: (a) the trial court denied his motion to sever the two charges; (b) two members of the three-judge panel previously represented an adverse party in foreclosure proceedings against him, (c) he did not anticipate at the time of the waiver that the Ohio Supreme Court's decision in *State v. Penix*, 513 N.E.2d 744 (Ohio 1987), would not apply to his case; and (d) he did not know that his jury waiver would apply twenty-five years later.

"[T]he Fourteenth Amendment guarantees a right of jury trial in all criminal cases which—were they to be tried in a federal court—would come within the Sixth Amendment's guarantee." *Duncan v. Louisiana*, 391 U.S. 145, 149 (1968). The Court acknowledged that this right can be waived: "[W]e hold no constitutional doubts about the practices, common in both federal and state courts, of accepting waivers of jury trial and prosecuting petty crimes without extending a right to jury trial." *Id*. at 158 (footnote omitted). "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). A valid waiver satisfies the following requirements: "(1) the waiver must be in writing; (2) the government must consent to the waiver; (3) the trial court must consent to the waiver; and (4) the defendant's waiver must be voluntary, knowing, and intelligent." *Haliym v. Mitchell*, 492 F.3d 680, 698 (6th Cir. 2007) (citing *United States v. Martin*, 704 F.2d 267, 271 (6th Cir. 1983)). Davis challenges the fourth requirement and bears the burden of demonstrating that it was not satisfied. *Id*. (citing *Sowell v. Bradshaw*, 372 F.3d 821, 832 (6th Cir. 2004)). "[A] waiver satisfies the fourth element of the test if the defendant understood that the choice confronting him was, on the one hand, to be judged by a group of people from the community, and on the other hand, to have his

guilt or innocence determined by a judge." *Id*. (quoting *Sowell*, 372 F.3d at 836) (internal quotation marks omitted). To effect a waiver of the right to a trial by jury, a colloquy is recommended but not constitutionally required. *Otte v. Houk*, 654 F.3d 594, 601 (6th Cir. 2011) (citing *Haliym*, 492 F.3d at 698).

No COA should issue for the first claim. Davis previously raised the argument presented in part (a) before this court and a panel rejected it. *Davis*, 475 F.3d at 778-79 ("Because the denial of Davis's motion for severance did not constitute a denial of the petitioner's due process right to a fair trial, that ruling cannot be said to have rendered his waiver of a jury trial involuntary."). The panel also rejected the argument presented in part (b). *Id*. at 781 ("The claim of bias raised against two of the three judges on the trial court panel is without merit . . . ."). In part (c), Davis argues that "*Penix* was the law at the time of his waiver, and he had no reason to suspect that the state supreme court would distinguish it from his case based on his decision to be tried by a three-judge panel instead of a jury." App. R. 7 (Mot. to Expand COA at 15-16). But this assertion is incorrect: Davis signed his waiver in 1984 and the Ohio Supreme Court decided *Penix* three years later in 1987. Davis thus could not have relied on *Penix* in waiving his right to a jury trial. Finally, Davis has waived part (d) by providing no discussion in support. *Spirko v. Mitchell*, 368 F.3d 603, 612 (6th Cir. 2004).

For his second claim, Davis contends that the trial court erred by enforcing his jury trial waiver at: (a) the second sentencing hearing because he did not know at the time of waiver that the *Penix* decision would not apply in his case; and (b) the third sentencing hearing because twenty-five years had passed since the waiver was entered. Because a panel of this court previously rejected the argument raised in part (a), Davis has not shown that reasonable jurists could debate that it should have been resolved in a different manner now. *See Davis*, 475 F.3d at 775 (holding "the sentencing process in this case did not violate due process under *Hicks* [ *v. Oklahoma*, 447 U.S. 343 (1980)]").

In part (b), on the other hand, Davis complains that his waiver form designated by name the judges who would comprise the three-judge panel. Although that panel presided over the first

and second sentencing hearings, a different three-judge panel heard evidence at the third sentencing hearing. We have been mindful of how the appointment of a specific judge may affect a decision to waive the right to a jury trial. *See, e.g.*, *Fitzgerald v. Withrow*, 292 F.3d 500, 504-05 (6th Cir. 2002); *Sinistaj v. Burt*, 66 F.3d 804, 809 (6th Cir. 1995). Reasonable jurists could debate whether part (b) should have been resolved in a different manner.

Davis contends for his third claim that trial counsel did not properly investigate and present evidence of his good behavior in prison at his third sentencing hearing. A successful claim asserting the ineffective assistance of trial counsel requires a demonstration that trial counsel performed deficiently and that the deficient performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The record shows that trial counsel investigated evidence of Davis's good behavior and presented it to the three-judge panel. The information that Davis now argues should have been discovered and presented does not differ in a "substantial way" from that introduced at trial. *Hill v. Mitchell*, 400 F.3d 308, 319 (6th Cir. 2005). Reasonable jurists would not debate whether claim three should have been resolved in a different manner.

For his fourth claim, Davis provides three reasons that trial counsel were ineffective in preparing for the penalty phase. First, despite pursuing a mitigating theory that centered on Davis not posing a danger to society if sentenced to life in prison, trial counsel introduced testimony that Davis could be paroled. Second, along with the evidence about the availability of parole, trial counsel introduced testimony that Davis sometimes exhibited unwarranted aggressive behavior. Third, trial counsel omitted testimony about Davis's family history and traumatic childhood.

Although a COA should issue for the first two reasons, a COA should not issue for the third. First, Davis has demonstrated that reasonable jurists could debate whether trial counsel were ineffective for presenting testimony about the availability of parole and for failing to conduct a thorough investigation before presenting potentially damaging testimony during the sentencing hearing. *Wiggins v. Smith*, 539 U.S. 510, 524-26 (2003). Next, given counsel's possible ineffectiveness in presenting testimony about the availability of parole, reasonable jurists could debate whether counsel were also ineffective in introducing testimony concerning Davis's

aggression. Trial counsel, however, did present evidence of Davis's family history and traumatic childhood through expert testimony, rendering further testimony by family and friends on this point cumulative. *See Tibbetts v. Bradshaw*, 633 F.3d 436, 443-44 (6th Cir. 2011).

Davis alleges that trial counsel were ineffective for failing to seek the recusal of a judge as his fifth claim. A member of the three-judge panel at the third sentencing hearing served as part of the prosecution team that some years prior had sought a capital conviction against Davis's nephew. "Recusal is required when, objectively speaking, 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.'" *Rippo v. Baker*, 137 S. Ct. 905, 907 (2017) (per curiam) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Although the judge acknowledged his prior role following the testimony of the mother of Davis's nephew and stated that he could maintain his impartiality, the inquiry is not "whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias." *Id.* (quoting *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016)). Reasonable jurists could debate whether the average judge would be neutral in this position, and thus whether Davis could show deficient performance and prejudice.

For his sixth claim, Davis contends that trial counsel were ineffective because they did not investigate the capital specification, i.e., Davis's 1971 conviction for second-degree murder, a purposeful killing. In support, Davis relies upon a letter from an individual who purported to be on the scene when the earlier murder occurred. This prior conviction alone underpinned the capital specification, and trial counsel had an obligation to investigate the circumstances. *Rompilla v. Beard*, 545 U.S. 374, 385-86 (2005). Reasonable jurists could debate whether this claim should have been resolved in a different manner.

We **GRANT** Davis's motion to expand the COA in part. The Clerk's Office shall issue a briefing schedule for the following claims certified either by the district court or by this court: (1) whether trial counsel were ineffective for failing to advise Davis properly about waiving his right to a jury trial; (2) whether being resentenced twice violated Davis's rights under the Fifth,

Eighth, and Fourteenth Amendments; (3) whether the enforcement of Davis's jury waiver at the third sentencing hearing denied him due process; (4) whether trial counsel were ineffective for presenting evidence of Davis's parole eligibility and aggression; (5) whether trial counsel were ineffective for not seeking the recusal of one of the judges during Davis's third resentencing; (6) whether trial counsel were ineffective for failing to investigate the circumstances of his prior felony conviction; and (7) whether the following claims are cognizable on habeas review: Ohio's statutory scheme for imposing the death penalty is unconstitutional; Ohio's lethal injection protocol is unconstitutional; Ohio's lethal injection protocol violates the Due Process and Privileges and Immunities Clauses; and Ohio's lethal injection protocol violates the Equal Protection Clause.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk