CASE NO. 21-3404

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

VON CLARK DAVIS,
*Petitioner/Appellant,*

v.

WARDEN, CHILLICOTHE CORRECTIONAL
INSTITUTION,
*Respondent/Appellee.*

*DEATH PENALTY CASE*

On Appeal from the United State District Court
for the Southern District of Ohio Case No. 2:16-cv-00495

―――――――――――――――――――――――――

**RESPONDENT-APPELLEE'S MERIT BRIEF**

―――――――――――――――――――――――――

Respectfully submitted,
**DAVE YOST**
**Ohio Attorney General**
<u>s/Stephen E. Maher</u>
Stephen E. Maher (0032279)
Sr. Asst. Attorney General*
 *Counsel of Record
30 E. Broad St. 23rd Floor
Columbus, OH 43215
(main) 614-728-7055
(cell) 740-412-0552
Counsel for Respondent-Appellee

## <u>Table of Contents</u>

Table of Authorities ...................................................................iii

**STATEMENT REGARDING ORAL ARGUMENT** ............................1

**STATEMENT OF ISSUES PRESENTED FOR REVIEW** .................1

**SUMMARY OF THE ARGUMENT** ........................................................3

**ARGUMENT** ....................................................................................6

  **A. Response to COA claim 1: Relief on COA claim 1 is barred by procedural default that was clearly articulated by the state court of appeals, and is alternatively unmeritorious........................................... ..........................................6**

    **1. The brief but unambiguous denial by the state courts shows a procedural default that precludes habeas relief. ..................6**

    **2. COA claim 1 is alternatively unmeritorious due to the absence of clearly established precedent from the United States Supreme Court........................... ..........................................8**

  **B. Response to COA claim 3: Denial of COA claim 3 is .required due to the absence of clearly established precedent from the United States Supreme Court regarding the revocation of a jury waiver following a remand from a successful appeal. ....10**

  **C. Response to COA claim 4: The state courts properly rejected Davis's claim of ineffective assistance of counsel during mitigation proceedings, where Davis merely takes issue with counsel's strategy in the presentation of substantial mitigation evidence.................................................... ....................................13**

**D. Response to COA claim 5: Where the record shows that both Davis and his trial counsel knew about, and were afforded an opportunity to assert a claim of judicial bias, but declined to seek recusal, the state courts were well within bounds to deny Davis's claim of ineffective assistance of counsel for not pursuing a judicial bias claim.............. .........................................18**

**E. Response to COA claim 6: Relief is barred under 28 U.S.C. .§ 2254(b) for lack of fair presentation to the state courts relative to the state court judgment currently under attack that was final on March 2, 2015, and COA claim 6 is alternatively unmeritorious. .........................................22**

**1. COA claim 6 was not presented to the state courts in context of the new judgment under which Davis is in custody such that relief is barred by procedural default...............................23**

**2. Davis pled guilty to the prior murder and the letter from Davis's neighbor was insubstantial regarding Davis's state of mind during the prior murder such that COA claim 6 is alternatively unmeritorious............. .........................................27**

**CONCLUSION.......................................................................28**

**CERTIFICATE OF COMPLIANCE.....................................29**

**DESIGNATION OF RELEVANT DISTRICT COURT RECORDS 29**

**CERTIFICATE OF SERVICE ............................................30**

## Table of Cases

*Baldwin v. Reese*, 541 U.S. 27 (2004)......................................................26

*Beard v. Kindler*, 558 U.S. 53, 55 (2009) ..................................................7

*Coleman* v. *Thompson*, 501 U.S. 722, 729 (1991) .....................................7

*Davis v. Ohio*, 135 S. Ct. 1494 (2015) .....................................................23

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)....................................9, 13

*Ex parte Royall, supra,* [117 U.S. 241 (1886)] at 251 ............................24

*Harrington v. Richter*, 562 U.S. 86, 105 (2011) ........................................1

*Harris v. Reed*, 489 U.S. 255, 262, fn. 7 (1989)........................................7

*Hurst v. Florida*, 577 U.S. 92 (2016)...................................................3, 12

*In re Disqualification of Nastoff*, 134 Ohio St. 3d 1232, P10 (2012) ......20

*King v. Morgan* 807 F. 3d 154, (6th Cir. 2015) ................................ passim

*Michigan v. Long,* 463 U.S. 1032, 1041 (1983) ........................................7

*Patton v. United States*, 281 U.S. 276 (1930)...........................................8

*Picard v. Connor*, 404 U.S. 270, 275-276 (1971)................................5, 24

*Railey v. Webb,* 540 F. 3d 393, 407 (6th Cir. 2008).................................21

*Sinistaj v. Burt*, 66 F. 3d 804, 808 (6th Cir. 1995)..........................3, 8, 10

*State v. Davis*, 139 Ohio St. 3d 122 (2014) .............................................23

*State v. Davis*, 139 Ohio St. 3d 122, P39 (2014) .....................................11

iii

*Wright v. Van Patten*, 552 U.S. 120, 126 (2008) ..................................9, 12

## STATEMENT
## REGARDING ORAL
## ARGUMENT

The Warden believes that oral argument would assist the Court in addressing the issues presented in this capital federal habeas corpus case.

## STATEMENT OF
## ISSUES PRESENTED
## FOR REVIEW

1. Regarding COA claim1, whether an unambiguous denial of relief on procedural grounds by the state courts must be recognized and enforced by a habeas court?

2. Regarding COA claim 1, whether the absence of precedent by the United States Supreme Court about the parameters or mechanics of a jury waiver means that habeas relief must be denied under 2254(d)(1)?

3. Regarding COA claim 3, whether the absence of precedent by the United States Supreme Court about the parameters or mechanics of a jury waiver means that habeas relief must be denied under 2254(d)(1)?

4. Regarding COA claim 4, whether articulation by the state courts of plausible reasons why competent counsel would present expert

witnesses in a mitigation hearing must be respected by a habeas court under the rule of *Harrington v. Richter*, 562 U.S. 86, 105 (2011)?

5. Regarding COA claim 5, whether Davis expressly waived any claim of actual or potential bias against Judge Nastoff during the original trial, and during the most recent postconviction proceedings whether Davis failed to show evidence of actual bias by Judge Nastoff?

6. Regarding COA claim 6, whether the failure to present COA claim 6 to the state courts in context of the new judgment under attack in this appeal amounts to a procedural default under *King v. Morgan*, 807 F. 3d 154, 159 (6th Cir. 2015)?

7. Regarding COA claim 6, whether Davis's guilty plea to the prior murder, plus the insubstantial effect of a letter from Davis's neighbor, shows that trial defense counsel were not constitutionally required to give credence to Davis's assertion that he did not intend to kill the prior murder victim?

## SUMMARY OF THE
## ARGUMENT

COA claim 1 regarding an allegation of ineffective assistance of counsel for bad advice regarding the jury waiver was denied by the state court of appeals for procedural default. Although announced in a single sentence, the state court of appeals unambiguously articulated a denial on procedural grounds. Habeas relief is consequentially precluded for procedural default.

Alternatively, relief on COA claim 1 should be denied under 2254(d)(1) since the United States Supreme Court has not addressed the issue of whether a valid jury waiver can be revoked or enforced following a remand following a successful appeal. See *Sinistaj v. Burt*, 66 F. 3d 804, 808 (6th Cir. 1995).

COA claim 3 regarding the enforcement of Davis's jury waiver during the third resentencing hearing was denied on the merits by the state courts who rejected Davis's contention that *Hurst v. Florida*, 577 U.S. 92 (2016) mandates sentencing by jury in a capital case. Accordingly, relief on COA claim 3 should be denied under 2254(d)(1) since the United

States Supreme Court has not addressed the issue of whether a valid jury waiver can be revoked or enforced following a remand following a successful appeal. See *Sinistaj v. Burt*, 66 F. 3d 804, 808 (6th Cir. 1995).

COA claim 4 regarding the mitigation presentation of parole eligibility and Davis's violent past fails on the facts where trial mitigation counsel made strategic decisions in calling the chairperson of the Ohio Parole Board as well as a defense psychologist who had examined Davis. The Parole Board chairperson testified that even if Davis was resentenced to a life sentence with parole eligibility, given the severity of Davis's prior crimes, eventual release on parole was not likely. The defense psychologist testified that Davis had a history of compliance with prison regulations such that if Davis was resentenced to a life term with parole eligibility, Davis would pose no threat to guards or inmates. The Magistrate Judge and the district court agreed with the state courts that these mitigation themes were appropriate and strategically directed to the goal of a life sentence for Davis.

COA claim 5 alleging judicial bias was denied on the merits by the state courts for the absence of any evidence to show actual bias of state court Judge Nastoff. Moreover, at the original trial, defense counsel

expressly waived any claim of bias, acknowledging on the record that Davis was aware Judge Nastoff had previously prosecuted Davis's nephew in a different murder case.

COA claim 6 about the prior felony conviction should be denied for procedural default due to failure of fair presentation as to the new judgment entered by the state courts on March 2, 2015. Davis had presented the COA 6 claim in old pleadings that attacked the old judgment that had been  vacated by the state courts. As to the new judgment entered by the state courts on March 2, 2015, Davis did not present COA claim 6.

The failure of fair presentation of COA claim 6 is in violation of the rule in  *Picard v. Connor*, 404 U.S. 270, 275-276 (1971). Moreover, this Court in *King v. Morgan* 807 F. 3d 154, (6th Cir. 2015)  ruled consistently with *Picard v. Connor* by saying that  "All habeas petitioners, including King on remand, must show that they did not procedurally default each claim and that they exhausted each claim." Since Davis did not present COA claim 6 in respect to the new judgment under which he is held in custody, denial on procedural grounds is warranted.

Alternatively, COA claim 6 is unmeritorious since Davis pled guilty to the prior murder, thus acknowledging purposeful intent in bringing about the death of the first murder victim. Moreover, the letter from Davis's neighbor about the chaotic relationship between Davis and the first murder victim was insufficient to call into question Davis's guilty plea to the first murder.

## **ARGUMENT**

**A. Response to COA claim 1: Relief on COA claim 1 is barred by procedural default that was clearly articulated by the state court of appeals, and is alternatively unmeritorious.**

**1. The brief but unambiguous denial by the state courts shows a procedural default that precludes habeas relief.**

Davis acknowledges that his claims of ineffective assistance of counsel for bad advice regarding the jury waiver was procedurally defaulted by the state court of appeals. See Doc. 20, Davis Merit Brief, page 83. ("Because the Ohio Court of Appeals improperly applied a procedural bar to Davis's claim, § 2254(d) is not applicable.")  See also, Doc. 4-48, Davis DC APPX, State Court of Appeals Opinion regarding postconviction, page ID 6948 ("However, as this court has previously determined, Davis' habitual challenges regarding his jury waiver are barred by the doctrine of *res judicata*.)

Davis wrongly contends that the statement of default by the state court of appeals is too abbreviated to be entitled to recognition as a procedural default. See  Doc. 20, Davis Merit Brief, page 83. ("Because the Ohio Court of Appeals improperly applied a procedural bar to Davis's claim, § 2254(d) is not applicable.")

Contrary to Davis's contention, a state court procedural default is found if there is a "plain statement" showing denial on procedural grounds. See *Michigan v. Long,* 463 U.S. 1032, 1041 (1983); *Harris v. Reed*, 489 U.S. 255, 262, fn. 7 (1989).

Here, the statement by the state court of appeals is short, but unambiguous, in the denial of the "bad jury waiver advice claims" on purely procedural grounds. Consequently, habeas relief is barred by procedural default as to COA claim 1 bad advice regarding jury waiver. See *Beard v. Kindler*, 558 U.S. 53, 55 (2009) ("A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.' *Coleman* v. *Thompson*, 501 U.S. 722, 729 (1991).")

**2. COA claim 1 is alternatively unmeritorious due to the absence of clearly established precedent from the United States Supreme Court.**

The United States Supreme Court has not addressed the issue of whether a valid jury waiver can be revoked following a remand following a successful appeal. See *Sinistaj v. Burt*, 66 F. 3d 804, 808 (6th Cir. 1995) ("Neither the district court nor the petitioner has cited a case standing for the proposition that when a state court abuses its discretion in denying a defendant's motion to withdraw a previously filed waiver of jury trial, the result is a violation of the United States Constitution. Moreover, not surprisingly, our own research has failed to turn up any such authority.") See Doc. 51, Report and Recommendation, Page ID 9656, 9695-9696.

In the case of *Patton v. United States*, 281 U.S. 276 (1930), the United States Supreme Court determined that a defendant *could* waive a jury trial instead of being compelled to be tried before a jury. See *Bays v. Warden*, 2012 U.S. Dist. LEXIS 21018, at *92 (SDO, Merz, Magistrate Judge.) Beyond this basic rule, however, the United States Supreme Courts has not further addressed the parameters or mechanics of a jury waiver.

Given the absence of clearly established precedent, habeas relief cannot be granted as to COA claim 1 that trial counsel were ineffective for bad advice regarding the jury waiver. See *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) ("Because our cases give no clear answer to the question presented, let alone one in Van Patten's favor, 'it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.' [citation omitted] Under the explicit terms of § 2254(d)(1), therefore, relief is unauthorized.")

In other words, since the United States Supreme Court has not decided a case about the parameters or mechanics of a jury waiver in context of the federal constitution, there are no constitutional guidelines by which to evaluate the performance of counsel in a claim about bad advice regarding the consequences of a jury waiver. Accordingly, habeas relief is alternatively precluded under § 2254(d)(1) for lack of clearly established precedent from the United States Supreme Court. See also *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas

review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")

**B. Response to COA claim 3: Denial of COA claim 3 is required due to the absence of clearly established precedent from the United States Supreme Court regarding the revocation of a jury waiver following a remand from a successful appeal.**

The United States Supreme Court has not addressed the issue of whether a valid jury waiver can be revoked following a remand following a successful appeal. See *Sinistaj v. Burt*, 66 F. 3d 804, 808 (6th Cir. 1995) ("Neither the district court nor the petitioner has cited a case standing for the proposition that when a state court abuses its discretion in denying a defendant's motion to withdraw a previously filed waiver of jury trial, the result is a violation of the United States Constitution. Moreover, not surprisingly, our own research has failed to turn up any such authority.") See Doc. 51, Report and Recommendation, Page ID 9656, 9695-9696.

The state courts recognized the absence of authority from the United States Supreme Court, since the law regarding enforcement on resentencing of a prior waiver of trial by jury has not been addressed by the federal constitution. The claim of unconstitutional enforcement of the

jury waiver at the third resentencing hearing is premised on a flawed reading of constitutional law, according to the state courts. As correctly noted by the Ohio Supreme Court, "The starting point for constitutional analysis of Davis's claim is the recognition that although the Sixth Amendment guarantees the right to trial by jury, neither the Sixth nor the Eighth Amendment creates a constitutional right to be sentenced by a jury, even in a capital case." (Emphasis supplied.) *State v. Davis*, 139 Ohio St. 3d 122, P39 (2014). *Cf., McKnight v. Bobby*, Case No. 2:09-cv-059, Opinion Denying Amendment, Page ID 16916 (Merz, Magistrate Judge) ("Justice Breyer in his concurrence adhered to his view that the Eighth Amendment requires jury sentencing in capital cases. *Hurst* [v. *Florida*], 136 S. Ct. at 624. But that view did not gain a single concurring vote.")

In other words, due to the absence of any law under the federal constitution by the United States Supreme Court as to the treatment of a prior waiver of trial by jury on capital resentencing proceedings, relief on COA claim 3 "shall not be granted" due to the absence of "clearly established Federal law, as determined by the Supreme Court of the United States...." 28 U.S.C. § 2254(d)(1).

11

The reach of the federal constitution ends at the point where an appropriate and proper waiver of the right to trial by jury is found. Beyond that point, the federal constitution does not speak about how a state may or may not address the issue of rescinding a prior but legally appropriate jury waiver. Consequently, Davis's COA claim 3 that he was not permitted to rescind his prior jury waiver does not implicate any doctrine of federal constitutional law, and accordingly in non-cognizable under 28 U.S.C. § 2254.

The Magistrate Judge, as well as the district court, rejected Davis's argument that *Hurst v. Florida*, 577 U.S. 92 (2016) mandates sentencing by jury in a capital case. See Doc. 51, Report and Recommendation, Page ID 9659-9660; Doc 64, Page ID 10034-10036.

Under these circumstances, habeas relief cannot be granted as to the claim of trial court error in upholding and enforcing Davis's jury waiver at the third sentencing hearing. See *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) ("Because our cases give no clear answer to the question presented, let alone one in Van Patten's favor, 'it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" [citation omitted] Under the explicit terms of § 2254(d)(1),

therefore, relief is unauthorized.") In other words, since the United States Supreme Court has not decided a case about a jury waiver in context of the federal constitution, there are no constitutional guidelines by which assess the propriety of the decision by the state courts for upholding and enforcing Davis's jury waiver at the third resentencing hearing.

Consequently, habeas relief as to COA claim 3 is precluded under 2254(d)(1) for lack of clearly established precedent from the United States Supreme Court. See *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")

## C. Response to COA claim 4: The state courts properly rejected Davis's claim of ineffective assistance of counsel during mitigation proceedings, where Davis merely takes issue with counsel's strategy in the presentation of substantial mitigation evidence.

Relief on COA claim 4 is unwarranted where the state courts properly determined that trial counsel's decision to present testimony

from the chairperson of the Ohio Parole Board, Cynthia Mausser, was within the bounds of reasonable trial strategy. Doc. 4-47, Trial Court post-conviction opinion, Page ID 6641 ("While Davis characterizes Mausser's testimony as damaging, the reality is that she gave testimony that was potentially valuable as mitigation. Her testimony assured the panel that if it imposed a life sentence, Davis was unlikely to be paroled for a significant period of time. Trial counsels' decision to offer the evidence was a trial strategy that cannot be criticized and was not deficient under *Strickland*."); Doc 4-48, Court of Appeals post-conviction opinion, Page ID 6946. ("Furthermore, although Davis takes exception to the questioning of Mausser and Dr. Smith, we will not question counsel's strategic decision to engage, or not engage, in a particular line of questioning as these decisions are presumed to be the product of sound trial strategy.")

Davis's criticism of trial counsel's strategy is that because Mausser did not emphatically and unequivocally say that, if granted a life sentence with parole eligibility, Davis would never under any circumstances be granted parole, trial counsel did more harm than good

in putting Mausser on the witness stand. See Doc. 20, Davis Merit Brief, Page 65-80.

A fundamental contradiction between Davis's habeas claim about chairperson Mausser  and the habeas claim about Dr. Smith  helps illustrate the propriety of the denial by the state courts of habeas claim 7(B). Doc 4-47, Trial court post-conviction opinion, Page ID 6642 – 6645; Doc. 4-48, Court of Appeals Opinion, P 24 – P 25, Page ID 6945 – 6946.

In the habeas claim about chairperson Mausser,  Davis faults trial counsel for failing to conclusively show that Davis would never get out of prison if granted a life sentence with parole eligibility. In the habeas claim about Dr. Smith,  Davis says the opposite: "Counsel failed to have Dr. Smith address how Mr. Davis had changed over time and even with a borderline personality disorder, he could adapt in society. See Doc 6, habeas petition, paragraph 168, Page ID 8684; see also Doc. 20, Davis Merit Brief, Page 79-80.

In other words, on one hand Davis faults trial counsel for leaving open the possibility that he could be released from prison, and on the other hand faults trial counsel for not showing how Davis "could adapt in society" if he was released from prison. These positions are contradictory.

Furthermore, Davis's history of extreme violence against persons closest to him suggests that reasonable trial counsel would not seek to avoid a death sentence by promoting a mitigation theme that Davis should be released back into the public at large.

Davis concedes that "Regarding the borderline personality disorder, Dr. Smith opined: If you put me in a very structured environment, with clear-cut rules and people who enforce those rules every day, the same way, I will adapt and I will adjust." Doc 6, habeas petition, Page ID 8683. In this regard, Davis contends that this aspect of Dr. Smith's testimony was beneficial to his cause, which undermines Davis's contention that trial defense counsel were constitutionally ineffective as to the testimony of Dr. Smith.

Where avoiding a death sentence is the goal, a lifetime of incarceration is probably more palatable to a reasonable factfinder than the option of a release back into society. Under these circumstances, responsible capital trial defense counsel would not seek to avoid a death sentence by promoting a mitigation theme that Davis should be released back into the public at large. To the contrary, given Davis's history of extreme violence; *i.e.* the prior murder,  responsible counsel would pursue

the mitigation theme that a lifetime of incarceration is punishment enough, and that no other prisoner or guard would be in danger from Davis. Consequently, Dr. Smith's testimony that Davis behaved the best in a "structured environment" was consistent with the defense goal to avoid a death sentence by neutralizing the specter of future dangerousness.

The testimony from Dr. Smith is consistent with the mitigation theme that because of an "exemplary prison record" Davis posed no threat to anyone while incarcerated, such that a death sentence would not be necessary to protect other persons from future violence from Davis. A reasonable jurist could readily conclude that it was sound strategy to have Dr. Smith emphasize that Davis had the type of personality disorder that readily adapted to incarceration in order to show lack of dangerousness, which would be consistent with a mitigation theme that a lifetime of incarceration would be appropriate punishment. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). ("When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.")See  Doc 4-47, Trial court post-conviction opinion,

Page ID 6645 – 6647; Doc. 4-48, Court of Appeals Opinion, P 24 – P 25, Page ID 6945 – 6946.

The Magistrate Judge exhaustively evaluated the habeas claims that encompass COA claim 4 and determined that trial counsel functioned effectively. See Doc. 51, Report and Recommendation, Page ID 9670-9674. The district court did as well, reaching the same conclusion. See Doc. 64, Page ID 10044-10049.

Under these circumstances, this Court should deny relief as to COA claim 4.

**D. Response to COA claim 5: Where the record shows that both Davis and his trial counsel knew about, and were afforded an opportunity to assert a claim of judicial bias, but declined to seek recusal, the state courts were well within bounds to deny Davis's claim of ineffective assistance of counsel for not pursuing a judicial bias claim.**

After Judge Nastoff heard testimony from Davis's sister, Judge Nastoff realized he had been on the prosecution team in respect to a murder case against the sister's son, Lahray Thompson, who also was Davis's nephew. Judge Nastoff announced this fact on the record. Davis's trial counsel responded: "In the interest of full candor, we were aware that your Honor, that you were involved in the prosecution, ***and we***

***made a decision a long time ago not to challenge you on that.***" Doc 5-7, Mitigation transcript, Page ID 8322.

This waiver reveals that Davis's mitigation trial team were previously aware of the connection between Judge Nastoff and Davis's nephew, and that they made a purposeful, thoughtful, and deliberate decision not to assert a claim of bias against Judge Nastoff for this reason.

The state courts rejected Davis's postconviction claim that his trial counsel were ineffective for failing to seek the recusal of Judge Nastoff. Doc 4-47, Trial court post-conviction decision, Page ID 6647; Doc 4-48 Court of Appeals Opinion, Page ID 6946 – 6947.

In addition to Davis's failure to show unreasonableness in the denial of COA claim 5, the Davis's accusation of "actual bias" lacks any evidence. In other words, Davis alleged "actual bias" but did not present any evidence that Judge Nastoff was biased. Instead, Davis merely implied bias because Judge Nastoff was a prosecutor on a murder case where Davis's nephew was a defendant. See Doc 6, habeas petition, paragraph 198, Page ID 8695. ("Here, bias [of Judge Nastoff] was no just potential, but actual….."")

The absence of evidence for the allegation of actual bias is evident where Davis's postconviction counsel, who sought the recusal of Judge Nastoff in the postconviction proceedings, offered "no factual basis for the disqualification." See *In re Disqualification of Nastoff*, 134 Ohio St. 3d 1232, P10 (2012).

As to the lack of evidence of "actual bias," the Ohio Supreme Court wrote:

> ***No factual basis for disqualification has been presented in the instant affidavit***. Attorney Gatterdam argues only that it would be 'unfair' to have Judge Nastoff now rule on the claim of ineffective assistance of counsel or any other ground in the postconviction petition given the 'nature' of the ineffective counsel claim. ***But Gatterdam does not explain why the nature of the claim makes it unfair for Judge Nastoff to rule on the postconviction petition.*** In an affidavit of disqualification proceeding, the burden falls on the affiant to submit sufficient argument and evidence demonstrating that disqualification is warranted. See R.C. 2701.03(B) (1) (requiring affiant to include specific allegations

of bias, prejudice, or disqualifying interest and the facts to support those allegations). ***It is not this court's duty to speculate as to what grounds the affiant believes would compel disqualification of the judge.*** [citations omitted.] (Emphasis added.)

*Id.*, at P10.

In a similar vein, to the extent COA  claim 5  is viewed as a claim alleging *actual judicial bias*, as opposed to a distinctly different claim of an *appearance of judicial bias*, relief is also precluded under 28 U.S.C. § 2254(b)(1)(A), since Davis did not allege to the state courts actual bias of Judge Nastoff. *Cf. Railey v. Webb,* 540 F. 3d 393, 407 (6th Cir. 2008). ("In sum, one *could* read the Supreme Court precedent in this area as holding that the probability of bias-based on a likelihood or appearance of bias-can be sufficient to disqualify a judge and violate a party's constitutional right to due process. But, one *could also* read these cases as holding that, other than in cases of contempt arising in a closed (secret) hearing, only actual bias or pecuniary interest-based probability is sufficient-and, moreover, that a matter of mere kinship has, as of yet, never been acknowledged as a sufficiently biasing interest.") (Emphasis supplied.)

See also, Doc 51, Report and Recommendation, Page ID 9674-9678, quotation on Page ID 9678. ("*In re Nastoff*, while not binding on this court, is instructive—the court found no allegations of actual bias or prejudice on the part of Judge Nastoff. Thus, even if counsel was deficient in not failing to seek Judge Nastoff's recusal, there is no evidence that the deficient performance prejudiced Davis, and it cannot serve as the basis of a *Strickland* claim."); see also Doc. 64, Opinion and Order, Page ID 10049-10053, quotation on Page ID 10052. (Thus, the Magistrate Judge was correct that *In re Nastoff*'s denial of Davis's motion to disqualify because there was no evidence of bias, "while not binding . . . , is instructive" (Report, ECF No. 51, Page ID 9678, citing *In re Nastoff*, 2012-Ohio-6339 at ¶¶ 9-11).")

What that means here is that seeking recusal of Judge Nastoff due to his involvement in the prosecution of Davis's nephew was expressly waived by trial counsel. When reasserted on postconviction, the state courts denied relief due to the absence of evidence of actual bias. These factors show denial of relief as to COA claim 5 is proper.

### E. Response to COA claim 6: Relief is barred under 28 U.S.C. § 2254(b) for lack of fair presentation to the state courts relative to the state court judgment currently under attack

that was final on March 2, 2015, and COA claim 6 is alternatively unmeritorious.

**1. COA claim 6 was not presented to the state courts in context of the new judgment under which Davis is in custody such that relief is barred by procedural default.**

Relief on COA claim 6 that alleges an IAC claim for supposedly not investigating the prior murder is procedurally barred under 28 U.S.C. § 2254(b) for failure to present the claims for state court adjudication in respect to the state court judgment currently under attack that was final on March 2, 2015. *Davis v. Ohio*, 135 S. Ct. 1494 (2015), denying certiorari review of *State v. Davis*, 139 Ohio St. 3d 122 (2014). See *King v. Morgan*, 807 F. 3d 154, 159 (6th Cir. 2015) ("But other obstacles remain. All habeas petitioners, including King on remand, must show that they did not procedurally default each claim and that they exhausted each claim.")

Davis is not exempt from the requirement to exhaust "each claim" that attacks the new judgment. Davis has not done so here. The COA 6 claim had been earlier presented to the state courts as an attack against the old judgment that had been vacated and held for naught. However, Davis did not present COA claim 6 to the state courts as it relates to his attack on the new judgment entered by the state courts on March 2, 2015.

23

There was no adjudication by the state courts of this COA claim 6 in reference to the new judgment entered on March 2, 2015, since COA claim 6 was not presented for adjudication. Consequently, Davis has failed to show COA claim 6 has been presented for exhaustion as to the new state court judgment dated March 2, 2015, and relief is barred under *King v. Morgan*, at 160. ("All habeas petitioners, including King on remand, must show that they did not procedurally default each claim and that they exhausted each claim.") *Cf. Picard v. Connor*, 404 U.S. 270, 275-276 (1971) ("If the exhaustion doctrine is to prevent 'unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution,' *Ex parte Royall, supra,* [117 U.S. 241 (1886)] at 251, it is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts.")

The *King v. Morgan* court did not excuse presentation for exhaustion of claims merely because the same claims had been raised under the prior judgment that had been vacated and set aside. To the contrary, the *King v. Morgan* Court noted that the habeas petitioner

24

could have different strategic assessments depending on the differences between the judgment that had been vacated versus the new judgment under which the petitioner is being held. *Id.*, at 158-159 (Noting that "some prisoners whose incentives to challenge a conviction may differ" depending on the terms of the new judgment.)

In other words, old claims attacking the old vacated judgment do not survive the entry of a new judgment. Instead, challenges to the new judgment must be asserted by new claims attacking the new judgment, even though the new claims might be comparable to old claims attacking the old judgment. This is the principle behind the *King v. Morgan* court saying "All habeas petitioners, including King on remand, must show that they did not procedurally default each claim and that they exhausted each claim." *Id.,* at 160.

In other words, COA claim 6 is an attack  on the finding of guilt that has not been presented to the state courts in context of the state court judgment that was final on March 2, 2015. *King v. Morgan*, 807 F. 3d 154, 159 (2015) ( "All habeas petitioners, including King on remand, must show that they did not procedurally default each claim and that they exhausted each claim.") Consequently, relief is precluded by

procedural default for failure of fair presentation to the state courts in context of the new state court judgment entered on March 2, 2015.

The state courts are entitled to assume that all claims attacking the judgment under which a defendant is in custody are listed and developed in the pleadings and briefs presented by the defendant. In addition, the state courts are not obligated to sift through old pleadings and orders to find claims not clearly articulated in the defendant's current pleadings and briefs.

In this case, the state courts did not adjudicate COA claim 6 because the claim was not presented for adjudication in Davis's most recent claims of error to the state courts. A contrary interpretation would wrongly permit a habeas court to grant relief on a claim never presented to the state courts except in context of old pleadings and old briefs that challenged a vacated state court judgment. The state courts should not be required to guess what other claims might be in play under old pleadings that preceded the new judgment under which the petitioner is in custody.   See *Baldwin v. Reese*, 541 U.S. 27 (2004) ("But to say that a petitioner 'fairly presents' a federal claim when an appellate judge can discover that claim only by reading lower court opinions in the case is to

say that those judges *must* read the lower court opinions--for otherwise they would forfeit the State's opportunity to decide that federal claim in the first instance. In our view, federal habeas corpus law does not impose such a requirement.") (Emphasis supplied.)

Under these circumstances, the Court should deny relief on COA claim 6 for procedural default due to failure of fair presentation under the new state court judgment entered on March 2, 2015.

### 2. Davis pled guilty to the prior murder and the letter from Davis's neighbor was insubstantial regarding Davis's state of mind during the prior murder such that COA claim 6 is alternatively unmeritorious.

The Magistrate Judge and the district court deferred on the question of procedural default for failure of fair presentation under *King v. Morgan*, 807 F. 3d 154, 159 (2015). Instead, each concluded the prior murder specification was proper such that trial counsel were not ineffective for not attacking the prior murder specification. Each noted that the hearsay letter from Davis's neighbor about the prior murder was inadequate evidence from which to mount a viable attack against the prior murder specification. See Doc 51, Report and Recommendation, Page ID 9678-9679, 9701-9702; quotation at Page ID 9702 ("At the time Davis was convicted of second-degree murder, the statute pertaining to

that offense required a finding of purposeful killing. Davis's guilty plea was, at the very least, a decision not to contest the finding that he purposefully killed Ernestine. Against that uncontested finding, the letter from Davis's neighbor cannot, by itself, render the conviction for second degree murder unconstitutional.")Doc. 64, Opinion and Order, Page ID 10066-10068. ("Davis does not meaningfully address the Magistrate Judge's well-reasoned conclusion that a single letter written years after his conviction does not outweigh his tacit admission, via his guilty plea for second-degree murder, that he purposefully killed Ernestine.")

The analysis by the Magistrate Judge and the district court should be adopted by this Court to conclude that the COA claim 6 is alternatively unmeritorious.

For these reasons, the Court should deny relief for procedural default due to failure of fair presentation under *King v. Morgan*. Alternatively, the Court could deny relief for lack of merit, as did the Magistrate Judge and the district court.

## <u>CONCLUSION</u>

For the reasons expressed, the Court should deny relief and dismiss the habeas petition.

> Respectfully submitted,
> **DAVE YOST**
> **Ohio Attorney General**
> <u>s/Stephen E. Maher</u>
> Stephen E. Maher (0032279)
> Sr. Asst. Attorney General*
>  *Counsel of Record
> 30 E. Broad St. 23rd Floor
> Columbus, OH 43215
> (main) 614-728-7055
> (cell) 740-412-0552
> Counsel for Respondent-Appellee

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned certifies that this brief contains 5715 words as determined by the word processing program used to generate this document.

> <u>s/Stephen E. Maher</u>
> Stephen E. Maher (0032279)
> Sr. Asst. Attorney General

## <u>DESIGNATION OF RELEVANT DISTRICT COURT RECORDS</u>

| Description | ECF Number | Page ID |
|---|---|---|
| State Court Record, Court of Appeals Opinion | Doc. 4-48 | 6945-6948 |

| State Court Record, Trial Court Postconviction Opinion | Doc. 4-47 | 6641-6647 |
|---|---|---|
| State Court Record, Mitigation Transcript | Doc. 5-7 | 8322 |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 28th, 2022, a copy of Respondent-Appellee's Brief was served on all parties or their counsel of record through the CM/ECF system.

s/Stephen E. Maher
Stephen E. Maher (0032279)
Sr. Asst. Attorney General