No. 21-3404

---

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

———

**VON CLARK DAVIS,** *Petitioner-Appellant*,

v.

**WARDEN, Chillicothe Correctional Institution,** *Respondent.*

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CASE NO. 2:16-cv-00495**

———

### MOTION FOR EN BANC RECONSIDERATION

———

### <u>THIS IS A DEATH PENALTY CASE</u>

**Joseph Medici**
Federal Public Defender
**Erin G. Barnhart (0079681)**
*Lead/Trial Counsel*
**Jordan S. Berman (0093075)**
*Co-Counsel*
Assistant Federal Public Defenders
Office of the Federal Public Defender for the Southern District of Ohio
Capital Habeas Unit
10 West Broad Street, Suite 1020
Columbus, OH  43215-3469
Telephone: (614) 469-2999
Facsimile:  (614) 469-5999
Erin_Barnhart@fd.org
Jordan_Berman@fd.org
Counsel for Petitioner-Appellant Von Clark Davis

## TABLE OF CONTENTS

                                                                          **Page**

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION .................................................................................................1

    I.     A Motion for En Banc Reconsideration is appropriate for seeking reconsideration, vacation, or modification of an en banc Court's Opinion and Judgment. ..........................................................1

    II.    On reconsideration, this Court should vacate its Opinion, grant Davis's Motion for Supplemental Briefing, and ultimately grant Davis habeas corpus relief..................................................................2

           A.    Reconsideration is warranted here. ............................................2

           B.    On reconsideration, the en banc Court should vacate its Opinion and grant Davis's Motion for Supplemental Briefing. .........................................................................................3

           C.    On reconsideration, the en banc Court should undertake de novo review and grant Davis habeas corpus relief. ..............7

CONCLUSION ....................................................................................................13

CERTIFICATE OF COMPLIANCE ...................................................................15

CERTIFICATE OF SERVICE

Opinion (en banc), Doc. 63 ........................................................................Exhibit 1

Motion for Leave to File Supplemental Briefing, Doc. 62 .........................Exhibit 2

Rule 28(j) Notice of Supplemental Authority, Doc. 61 ..............................Exhibit 3

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beck v. Alabama*,
   447 U.S. 625 (1980)..................................................................................8

*Comer v. Murphy Oil USA*,
   718 F.3d 460 (5th Cir. 2013) ....................................................................3

*Grzegorczyk v. United States*,
   597 U.S. ___, 142 S. Ct. 2580 (2022) (Sotomayor, J., dissenting) ......8

*Lawrence v. Chater*,
   516 U.S. 163 (1996) (per curiam)..........................................................8

*Lindh v. Murphy*,
   96 F.3d 856 (7th Cir. 1996) (en banc), *overruled on other grounds*,
   521 U.S. 320 (1997)................................................................................10

*Loper Bright Enterprises v. Raimondo*,
   603 U.S. ___, 144 S. Ct. 2244 (2024).........................................*passim*

*Mullane v. Central Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950)..................................................................................9

*Shrader v. CSX Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995) ......................................................................4

*Tennessee v. Becerra*,
   No. 24-5220, 2024 U.S. App. Lexis 21521 (6th Cir. Aug. 26, 2024) ..................9

*United States v. Boler*,
   No. 23-4352, 2024 U.S. App. Lexis 21379 (4th Cir. Aug. 23, 2024) ................10

*United States v. Brooks*,
   245 F.3d 291 (3d Cir. 2001) ....................................................................7

*United States v. Chandler*,
   No. 22-1786, 2024 U.S. App. Lexis 21204 (3d Cir. Aug. 22, 2024)
   (Bibas, J., dissenting from denial of rehearing en banc) ....................10

*United States v. Havis*,
    927 F.3d 382 (6th Cir. 2019) (en banc) ................................................................3

*United States v. Havis*,
    929 F.3d 317 (6th Cir. 2019) (en banc) .......................................................2, 3, 4

*United States v. Klein*,
    80 U.S. 128 (1871) ........................................................................................ 8-13

*United States v. Rogers*,
    925 F.2d 1285 (10th Cir. 1991) ............................................................................7

*United States v. Trumbull*,
    No. 23-912, 2024 U.S. App. Lexis 21289 (9th Cir. Aug. 22, 2024)
    (Bea, J., concurring) ............................................................................................10

*Webster v. Cooper*,
    558 U.S. 1039 (2009) ............................................................................................8

**Statutes**

28 U.S.C. § 2241(c)(3) ...............................................................................................13

28 U.S.C. § 2253 .........................................................................................................7

28 U.S.C. § 2254(d) ............................................................................................*passim*

**Other Authorities**

Fed. R. App. P. 27(a)(3)(A) ........................................................................................5

Fed. R. App. P. 27(d)(2)(A) ......................................................................................17

Fed. R. App. P. 28(j) .......................................................................................4, 5, 6, 7

Fed. R. App. P. 35(a) ..................................................................................................3

Fed. R. App. P. 35(b)(1)(B) ........................................................................................4

Fed. R. App. P. 35(b)(2)(A) ......................................................................................17

Fed. R. App. P. 40(a)(2) ..............................................................................................4

# INTRODUCTION

Under the authority of this Court's order in *United States v. Havis*, 929 F.3d 317, 318 (6th Cir. 2019) (en banc), Von Clark Davis respectfully moves "for reconsideration of the en banc court's opinion" of August 20, 2024. On reconsideration, the en banc Court should enter an order that (1) vacates and withdraws its August 20, 2024 Opinion, (Doc. 63); (2) grants Davis's overlooked and still-pending Motion to File Supplemental Brief, (Doc. 62); and (3) orders briefing on the constitutionality of 28 U.S.C. § 2254(d).

## I. A Motion for En Banc Reconsideration is appropriate for seeking reconsideration, vacation, or modification of an en banc Court's Opinion and Judgment.

This en banc Court may reconsider its decision and modify its judgment until a mandate is issued. *See, e.g.*, *Comer v. Murphy Oil USA*, 718 F.3d 460, 467 (5th Cir. 2013). This Court's August 20, 2024 Opinion, (Doc. 63-2) (attached as Exhibit 1), is subject to revision by the en banc Court because it is not yet a final judgment.

The litigation in *Havis* demonstrates that this motion is the proper way for Davis to request reconsideration. There, the Government filed a "Motion for *En Banc* Reconsideration," 929 F.3d at 318, challenging this Court's en banc decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc). The Government based its request on the Court's inherent discretion to vacate or modify an opinion

before issuance of the mandate and Federal Rule of Appellate Procedure 35(a)'s provision that that matters may be "heard *or reheard* by the court of appeals en banc" (emphasis added). *See* Mot. for *En Banc* Reconsideration, *Havis*, 6th Cir. No. 17-5772, Doc. 62-1 (filed June 20, 2019). This Court ordered a response, granted the Government's request for a reply, and considered the motion before ultimately denying it on the merits. *See Havis*, 929 F.3d at 318. As in *Havis*, this Court is authorized to consider and decide this motion before issuing a mandate.

## II. On reconsideration, this Court should vacate its Opinion, grant Davis's Motion for Supplemental Briefing, and ultimately grant Davis habeas corpus relief.

### A. Reconsideration is warranted here.

Reconsideration by the en banc Court is warranted if it has overlooked significant matters, including arguments "that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). *Cf.* Fed. R. App. P. 40(a)(2) (rehearing warranted where court has "overlooked or misapprehended" a "point of law or fact"). Reconsideration is especially warranted if an overlooked issue is one of exceptional importance. *Cf.* Fed. R. App. P. 35(b)(1)(B). That is precisely the case here.

On August 14, 2024, Davis filed a Notice of Supplemental Authority under Federal Rule of Appellate Procedure 28(j), (Doc. 61) (attached as Exhibit 3). He noted that *Loper Bright Enterprises v. Raimondo*, 603 U.S. ___, 144 S. Ct. 2244

2

(2024) "provides an alternative basis for granting Davis *de novo* review and relief." (Davis's Rule 28(j) Letter, Doc. 61, at 1.) The Warden did not submit a response to this filing. Nevertheless, the Court did not address *Loper* in its en banc Opinion.

Davis explained that because the limits of the 28(j) letter prevented him from fully setting forth his *Loper*-based arguments that AEDPA deference violates the Constitution, he would also be filing a motion for supplemental briefing requesting adequate space in which to do so. (Doc. 61 at 2 n.1.) Davis filed that motion on August 19, 2024. (Davis's Motion for Supplemental Briefing, Doc. 62) (attached as Exhibit 2). The deadline for the Warden to respond to that motion expired on August 29, 2024. *See* Fed. R. App. P. 27(a)(3)(A) (10-day deadline). The Court issued its Opinion the day after Davis filed his motion, on August 20, 2024. (Doc. 63.) It did so without ruling on that pending motion.

### B. On reconsideration, the en banc Court should vacate its Opinion and grant Davis's Motion for Supplemental Briefing.

Because the Court overlooked both the arguments Davis raised in his Rule 28(j) letter and his pending, unopposed motion to supplement the briefing, this Court should grant this motion for reconsideration.

Davis has asserted that he is entitled to de novo review and habeas corpus relief because 28 U.S.C. § 2254(d) violates Article III of the Constitution, notably in light of *Loper*. In their concurring opinions in that case, Justices Thomas and Gorsuch explain the unconstitutionality of Article III judges giving "deference" to

3

legal conclusions reached by non-Article III actors. (*See* Davis's Notice of Supplemental Authority, Doc. 61.) As Davis has argued:

> Section 2254(d) violates Article III in the same way as *Chevron* when it requires federal courts to defer to interpretations or applications of federal law by non-Article III actors (state courts) which are not 'unreasonable.' *See Loper*, 144 S. Ct. at 2283 (Gorsuch, J., concurring). Just as this Article III Court is not bound by 'reasonable' legal interpretations of federal bureaucrats, it cannot be bound by reasonable-but-incorrect legal decisions of *state* entities.

(*Id*. at 2.) In its en banc Opinion, however, this Court failed to mention or engage with Davis's argument at all.

Instead, the en banc Opinion concluded with the statement that, "[i]n the habeas context, federal courts *may not displace with their own judgment* the valid adjudications of state courts." (Doc. 63-2 at 28 (emphasis added).) But *Loper* explains that Article III demands that this Court declare the law and exercise its own "independent judgment" on the question of whether Davis is in custody in violation of the Constitution, regardless of what the state courts may have concluded. (Davis's Rule 28(j) Letter, Doc. 61, at 1); (Davis's Motion for Supplemental Briefing, Doc. 62, at 2).

That is, contrary to the en banc Opinion denying relief, post-*Loper*, the judgment of a non-Article III state court *cannot displace* the independent judgment of an Article III court exercising the Judicial Power of the United States over

4

Davis's claims for habeas corpus relief. This is faithful to the Framers' understanding and crafting of Article III. (*See* Davis's Motion for Supplemental Briefing, Doc. 62, at 2-4 (citing, *e.g.*, The Federalist Papers, No. 81).) Davis made this point before this Court issued its en banc Opinion:

> The majority and concurring opinions in *Loper* emphasize that the judicial function requires the federal courts to exercise "independent judgment," free from constraints imposed by non-Article III decisionmakers. *See Loper*, 144 S. Ct. at 2257; *id*. at 2274 (Thomas, J., concurring); *id*. at 2284 (Gorsuch, J., concurring) (the Framers "made a considered judgment to build judicial independence into the Constitution's design."). As Justices Thomas and Gorsuch have explained, *Chevron*'s requirement that Article III courts "defer" to Article II agencies' interpretations of law thus violates the Constitution. *Id*. at 2274 (Thomas, J., concurring) ("Because the judicial power requires judges to exercise their independent judgment, the deference that *Chevron* requires contravenes Article III's mandate."); *id*. at 2285 (Gorsuch. J., concurring) ("*Chevron* deference . . . precludes courts from exercising the judicial power vested in them by Article III to say what the law is.").

(*Id.* at 1-2). The en banc Court, however, overlooked Davis's Article III argument, as raised in his Rule 28(j) Letter, (Doc. 61), and it overlooked his Motion for Supplemental Briefing, (Doc. 62), which remains pending and undecided.

Davis thus presents clear grounds for en banc reconsideration. In *United States v. Brooks*, 245 F.3d 291, 292 (3d Cir. 2001), a panel including then-Judge Alito granted rehearing to address a constitutional challenge to 28 U.S.C. § 2253 because the "issue was inadvertently not addressed in [our] decision." That is the

appropriate course here as well. *See also United States v. Rogers*, 925 F.2d 1285, 1286 (10th Cir. 1991) (granting rehearing "to consider the severance issue which we inadvertently did not address in our previous opinion."). Likewise, after reconsideration, the en banc Court should grant Davis's motion for supplemental briefing, (Doc. 62), to which the Warden has not filed any timely response in opposition.

Reconsideration, rather than a request for certiorari, promotes judicial efficiency because the Article III issue was raised in this Court but not decided. In the past, the Supreme Court has remanded cases, "flagging a particular issue that [the court of appeals] does not appear to have fully considered." *Lawrence v. Chater*, 516 U.S. 163, 167 (1996) (per curiam); *see also Webster v. Cooper*, 558 U.S. 1039 (2009) (granting, vacating, and remanding for court of appeals to consider applicability of a January 2009 Supreme Court decision that was not mentioned by court of appeals in March 2009 denial of relief). Since Davis has now flagged this undecided issue, reconsideration would eliminate the need for this extra step and save judicial resources.

Further, this Court should also grant reconsideration because failure to consider Davis's constitutional challenge to § 2254(d) would violate due process. This is a capital habeas corpus proceeding, and given the nature of the penalty he faces, Davis is entitled to the most expansive due process protections available. *Cf.*

6

*Beck v. Alabama*, 447 U.S. 625 (1980); *Grzegorczyk v. United States*, 597 U.S. \_\_\_, 142 S. Ct. 2580, 2585 (2022) (Sotomayor, J., dissenting) ("[D]eprivations of process, particularly where the stakes for individual litigants are high, are unjust in and of themselves."). Davis has a fundamental due process "right to be heard." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Davis has been denied his fundamental right: He has not been heard at all on his arguments challenging the standard of review that the en banc court has now used to deny him relief. Under the circumstances, absent reconsideration and a full and proper airing of Davis's Article III challenges, Davis will be denied his right to due process of law.

    **C.**    **On reconsideration, the en banc Court should undertake de novo review and grant Davis habeas corpus relief.**

On reconsideration, this Court should ultimately conclude that 28 U.S.C. § 2254(d) violates Article III; that Davis is entitled to de novo review of his claims; and that he is entitled to habeas corpus relief.

As Davis will explain in more detail if granted supplemental briefing, *Loper* and the concurring opinions of Justices Thomas and Gorsuch lead to the conclusion that Article III courts cannot, without violating Article III, defer to the decisions or adjudications of non-Article III decisionmakers. *See, e.g.*, *Loper*, 144 S. Ct. at 2284-85 (Gorsuch, J., concurring).

7

Now that "*Chevron* deference has fallen," *Loper* and its concurring opinions have "open[ed] the door to new challenges" to deference. *Cf. Tennessee v. Becerra*, No. 24-5220, 2024 U.S. App. Lexis 21521 at *21 (6th Cir. Aug. 26, 2024). These challenges should include Davis's Article III challenge to AEDPA deference. Davis's Article III challenge is "profoundly important," and "though *Loper Bright*'s holding does not reach this case, its reasoning" and the reasoning of Justices Thomas and Gorsuch "cast[] doubt" on the continuing vitality of AEDPA deference. *Cf. United States v. Chandler*, No. 22-1786, 2024 U.S. App. Lexis 21204 at *4 (3d Cir. Aug. 22, 2024) (Bibas, J., dissenting from denial of rehearing en banc); *see also id*. at * 3-4 (Justice Gorsuch's *Loper* concurrence indicates that "lenity trumps deference" now that *Chevron* has been overruled); *United States v. Boler*, No. 23-4352, 2024 U.S. App. Lexis 21379 at *8 n.4 (4th Cir. Aug. 23, 2024) (recognizing that *Loper* "calls into question *Auer [v. Robbins*, 519 U.S. 452 (1997)] deference"); *United States v. Trumbull*, No. 23-912, 2024 U.S. App. Lexis 21289 at *27 (9th Cir. Aug. 22, 2024) (Bea, J., concurring) (even where *Loper* did not "expressly overrule" a type of deference, courts "should hesitate to expand" that deference following *Loper*'s "landmark" ruling).

As Davis pointed out in his Motion for Supplemental Briefing, (Doc. 62), the Seventh Circuit previously linked the constitutionality of AEDPA deference to the constitutionality of *Chevron* deference. *See Lindh v. Murphy*, 96 F.3d 856, 871

(7th Cir. 1996) (en banc), *overruled on other grounds*, 521 U.S. 320 (1997). And the Supreme Court's foundational ruling in *United States v. Klein*, 80 U.S. 128 (1871), also supports the conclusion that if *Chevron* deference is unconstitutional, AEDPA deference must be unconstitutional as well. Proper resolution of Davis's "profoundly important" Article III challenge requires briefing and careful consideration of *Klein*, which also involved Congress' attempt to impose a rule of deference upon the federal judiciary.

*Klein* concerned individuals whose property had been confiscated during the Civil War. In early 1863, Congress passed a law allowing those individuals to receive compensation if they could prove that they had never given "any aid or comfort to the present rebellion." *Klein*, 80 U.S. at 131 (emphasis removed). Later that year, President Lincoln granted full pardons to anyone who "desired to resume their allegiance" to the United States and took "a prescribed oath of allegiance." *Id*. at 131-32. V.F. Wilson (whose property was at issue, and whose estate administrator was Klein) took the prescribed oath in 1864. *Id*. at 132.

In 1870, however, Congress attempted to vitiate the effect of these pardons. It mandated that no pardon was admissible or could be used as evidence for a claim of compensation; it required that federal courts at all levels had to immediately dismiss many cases involving pardons, *id*. at 134, 143-44; and it declared that a Presidential pardon was to be considered "conclusive evidence" that the individual

9

"*did* give aid to the rebellion" under certain circumstances, *id*. at 134, 144 (emphasis added).

The Supreme Court concluded that the 1870 Act violated constitutional separation-of-powers principles. *Id*. at 147. As relevant here, it held unconstitutional the Congressional provisions purporting to deprive the Supreme Court of jurisdiction over cases proving loyalty through a pardon, making a pardon "conclusive evidence" of disloyalty, and requiring the lower court to dismiss a claim "forthwith" upon receipt of such evidence. *Id*. at 145-45. These provisions, the Court explained, were "founded solely on the application of a rule of decision." *Id*. at 146. By requiring a federal court to declare its jurisdiction had ceased, these provisions unconstitutionally "prescribe[d]" for the judiciary "a rule for the decision of a cause in a particular way[.]" *Id*. And in doing so, Congress effectually required the federal courts to render their decisions in cases or controversies *not* by using their independent judgment about what justice requires, but by acting in ways that facilitated the outcomes that Congress wanted:

> In the case before us, the Court of Claims has rendered judgment for the claimant and an appeal has been taken to this court. We are directed [by the 1870 Act] to dismiss the appeal, if we find that the judgment must be affirmed, because of a pardon granted to the intestate of the claimants. Can we do so without allowing one party to decide it in its own favor? *Can we do so without allowing that the legislature may prescribe rules of*

10

> *decision to the Judicial Department* of the government in cases pending before it? We think not . . . .

*Id*. (emphasis added).

The crux of the Article III problem in *Klein* was the same as that identified by Justices Thomas and Gorsuch in *Loper*: under Congress's 1870 Act, "the court [was] forbidden to give the effect to evidence which, *in its own judgment . . . should have* . . . give[n] it an effect precisely contrary." *Id*. at 147 (emphasis added). That is, Congress purported to tell the Article III courts *to not exercise their independent judgment* about the effect of a presidential pardon, but instead to *defer* to what Congress said the "legal effect" of a presidential pardon should be. *Id*. at 148.

The separation-of-powers violation identified in *Klein* establishes that 28 U.S.C. § 2254(d) is also unconstitutional. Like the 1870 Act, § 2254(d) "prescribe[s] a rule for the decision of a cause in a particular way," *Klein*, 80 U.S. at 146, namely, for how this Court is to adjudicate whether Davis is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3). Section 2254(d) does so by demanding *how* this Article III court must adjudicate Davis's claims: 1) examine the case for the existence of a state-court adjudication (like the 1870 Act instructed federal courts to do regarding the existence of a presidential pardon), and 2) determine the "legal effect" of any such adjudication by applying the rule of decision established by Congress in § 2254(d)

11

(like the 1870 Act required federal courts to do regarding the rule of decision it prescribed for cases involving a pardon). This rule of decision requires this Court to deny relief upon finding an erroneous-but-not-unreasonable state court decision. This is so even if this Article III court concludes, in its independent judgment, that Davis is actually in custody in violation of the Constitution. In this way, the effect of AEDPA deference parallels the 1870 Act's mandate that the federal courts deny relief based on the existence of a presidential pardon even when, in the federal court's independent judgment, relief would be appropriate under the substantive governing law.

　　The Framers deliberately crafted judicial independence into Article III to guard against action from the political branches like the 1870 Act, *Chevron* deference, and AEDPA.  See *Loper*, 144 S. Ct. at 2284 (Gorsuch, J., concurring). In 1870, Congress skewed the federal courts' adjudication of cases or controversies in favor of the government and against a class of claimants who, as former confederates, were politically disfavored. In 1996, Congress did the same thing, favoring States at the expense of the politically disfavored class of convicted persons seeking habeas relief.

　　As was the case in *Klein*, Congress "passed the limit which separates the legislative from the judicial power" in enacting 28 U.S.C. § 2254(d). *Klein*, 80

U.S. at 147. Section 2254(d) is unconstitutional, and Davis is entitled to de novo review of the constitutional claims for which he seeks habeas relief.

## CONCLUSION

This Court should grant en banc reconsideration. Because this Court has overlooked Davis's challenge to the constitutionality of 28 U.S.C. § 2254(d), it should vacate its en banc opinion. This Court should address Davis's challenge fully, including by granting his Motion for Supplemental Briefing, which is still pending and undecided and is therefore subject to this Court's en banc consideration. Afterwards, following additional proceedings, this Court should then issue an en banc decision concluding that Davis is entitled to habeas corpus relief.

Respectfully submitted,

**Joseph Medici**
Federal Public Defender

by

*/s/ Erin G. Barnhart*
**Erin G. Barnhart (0079681)**
    *Trial attorney*
**Jordan S. Berman (0093075)**
    *Co-counsel*
Assistant Federal Public Defenders
Federal Public Defender's Office
for the Southern District of Ohio
Capital Habeas Unit
10 W. Broad Street, Suite 1020
Columbus, Ohio 43215

13

>Phone: (614) 469-4141
>erin_barnhart@fd.org
>jordan_berman@fd.org
>**Counsel for Petitioner-Appellant**

14

## CERTIFICATE OF COMPLIANCE

Counsel for Petitioner-Appellant Von Clark Davis hereby certifies that the foregoing motion complies with the type-volume limitations provide in Federal Rules of Appellate Procedure 27(d)(2)(A) and 35(b)(2)(A). The relevant portions of the foregoing brief contain 3055 words in Times New Roman (14-point) proportional type. The word processing software used to prepare this motion was Microsoft Word 2016.

*/s/ Erin G. Barnhart*
**Erin G. Barnhart (OH 0079681)**
Assistant Federal Public Defender
Co-counsel for Petitioner-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, I electronically filed the foregoing **PETITIONER-APPELLANT VON CLARK DAVIS'S MOTION FOR EN BANC RECONSIDERATION** with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system, which will send notification of such filing to the email address of opposing counsel on file with the Court.

*/s/ Erin G. Barnhart*
**Erin G. Barnhart (OH 0079681)**
Assistant Federal Public Defender
Co-counsel for Petitioner-Appellant